IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JO ELLEN PEREZ, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:06-CV-0938-JOF |
| REIT MANAGEMENT & : | |
| RESEARCH, LLC, and HALLWOOD : | |
| GROUP INCORPORATED, : | |
| : | |
| Defendants. : | |

**OPINION AND ORDER**

This matter is before the court on Defendant Reit's motion for summary judgment [14], Defendant Hallwood's motion to compel [30], and Defendant Reit's motion for costs [39].

**I.   Background**

  **A.   Procedural History**

On March 18, 2006, Plaintiff, JoEllen Perez, filed suit in the State Court of Fulton County against Defendants, Reit Management & Research, LLC (hereinafter "Defendant Reit"), and Hallwood Group, Inc. (hereinafter "Defendant Hallwood"), alleging state law causes of action for premises liability failure to warn of dangerous conditions, and negligence.  On April 20, 2006, Defendants removed the action to the District Court for the

Northern District of Georgia. On August 31, 2006, Defendant Reit moved for summary judgment. Plaintiff did not file a response to Defendant Reit's motion for summary judgment. Defendant Hallwood filed a motion to compel on January 19, 2007. On February 9, Defendants deposed Plaintiff. The same day Defendant Reit filed its statement of material facts to its motion for summary judgment. On February 16, Plaintiff filed an affidavit in opposition to Defendant Reit's motion for summary judgment and a response to Defendant Reit's statement of material facts. On February 23, Defendant Reit filed a supplemental brief in support of its motion for summary judgment.

### B.    Facts

From 1999 through 2004, Plaintiff was an employee of Northrop Grumman working at an office building located at 16 Executive Park Drive, Atlanta, Georgia 30329. Compl., ¶ 4. At some point prior to May 2004, the office building developed a leak and directly therefrom, a toxic mold infestation. Plaintiff's Initial Disclosures, ¶ 1. In May 2004, Plaintiff discovered in the office building the presence of toxic mold. *Id.* In May 2004, Reit Management did not own, manage, or control the building where Plaintiff worked. Affidavit of Richard Stilovich ("Stilovich Aff."), ¶ 3. Reit Management did not provide property management services for the office building located at 16 Executive Park Drive, Atlanta, Georgia 30329 until after July 15, 2004. *Id.*

## II.    Discussion

2

AO 72A
(Rev.8/82)

### A.     Motion for Summary Judgment

On August 31, 2006, Defendant Reit moved for summary judgment relying on Plaintiff's responses to its first set of interrogatories in which Plaintiff stated, "the toxic mold made Plaintiff ill and forced her to stop working in May 2004." *Id.*; Pltf. Res. to Reit Management & Research, LLC's First Interr., number 16.  Defendant Reit provided evidence that it did not own, manage, or control the building where Plaintiff worked. Affidavit of Richard Stilovich, ¶ 3.  Defendant Reit did not provide property management services for the commercial building at issue until after July 15, 2004.  Defendant Reit contends that, as Plaintiff did not work at the location during its management, it is entitled to summary judgment on all of Plaintiff's claims.

Instead of answering Defendant Reit's motion for summary judgment, Plaintiff, more than four months later, stated in her deposition that her response to interrogatory 16 was incorrect.  Now, Plaintiff states that she took a leave of absence for approximately one month in May 2004 and returned to the location in question and worked from June 2004 through October 2004.  Plaintiff Affidavit, ¶ 3.[1]

---

[1] In her complaint Plaintiff specifically stated that she was an employee at 16 Executive Park Drive, Atlanta, Georgia 30329, from October 1999 through October 20, 2004.  Compl., ¶ 4.

3

The court finds that there is an issue of material fact as to whether Plaintiff worked at the location during the time it was managed by Defendant Reit. Therefore, the court DENIES Defendant Reit's motion for summary judgment.

### B.     Motion for Costs

In its supplemental brief in support of motion for summary judgment, Defendant Reit argued that should the court not find that it is entitled to summary judgment, it should award Defendant Reit its costs associated with the filing of this motion. Plaintiff has not responded to this request for fees. As it was Plaintiff's error in crafting her responses to Defendant's interrogatories which led to the filing of the motion for summary judgment, the court finds that Defendant Reit is entitled to its reasonable expenses incurred in filing this motion. Fed. R. Civ. P. 37(c)(1). An affidavit submitted by Defendant Reit's counsel shows that he spent 7.6 hours at a $150 per hour billable rate on this motion for summary judgment, and thus the attorney's fees associated with this motion are approximately $1140.

An application for attorney's fees begins with the basic principle that the court "is to multiply hours reasonably expended by a reasonable hourly rate." *Norman v. Housing Authority*, 836 F.2d 1292, 1299 (11th Cir. 1988). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." *Id.* The court must then

4

consider the reasonable hours expended. The court must exclude "excessive, redundant or otherwise unnecessary" hours. *Id.* at 1301 (citation and quotation omitted). The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). That burden includes providing records to the court to "show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Id.*

This court finds that the affidavit of Defendant Reit's counsel, that of the attorney actually doing the work, is not sufficient to show that $150.00 is equal to or less than the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. Nonetheless, the court deems such a rate to be reasonable for similar services in the Atlanta market. Further, the court finds that 7.6 hours for preparing the motion for summary judgment is also reasonable. Therefore, the court GRANTS Defendant Reit's motion for costs.

### C. Motion to Compel

The Local Rules of this court set forth the manner in which motions to compel are to be presented to the court. Specifically, Local Rule 37.1 requires that a motion to compel, among other things: quote verbatim the interrogatory or production request objected to; state the specific objection raised by the non-complying party; state the grounds assigned

5

for the objection; and cite authority and include a discussion supporting the motion. See LR 37.1A(1)-(5), N.D. Ga. Additionally, "[t]he motion shall be arranged so that the objection, grounds, authority, and supporting reasons follow the verbatim statement of each specific [discovery request] to which an objection is raised." LR 37.1A, N.D. Ga. Defendant Hallwood's motion does not comply with this local rule. Therefore, the court DENIES Defendant's motion to compel WITH LEAVE TO RENEW within ten days of this order. Defendant's renewed motion to compel should comply with the form mandated by Local Rule 37.1.

## III.  Conclusion

The court DENIES Defendant Reit's motion for summary judgment [14], DENIES Defendant Hallwood's motion to compel [30] WITH LEAVE TO RENEW within ten (10) days of this order, and GRANTS Defendant Reit's motion for costs [39].

**IT IS SO ORDERED** this 20th day of June 2007.

                         s/ J. Owen Forrester
                         J. OWEN FORRESTER
           SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)